# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6577 | **DATE** | 3/11/2011 |
| **CASE TITLE** | Knight v. County of DuPage, Illinois | | |

**DOCKET ENTRY TEXT**

Motion by defendant County of DuPage, Illinois to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure [49] is granted.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Presently before me is the County of DuPage's ("the County's") motion to dismiss Count III of plaintiff's amended complaint, which asserts a claim against the County for indemnification under 745 ILCS 10/9-102.

    Plaintiff's indemnification claim was asserted in her original complaint and has been a persistent bone of contention ever since. In February 2010, plaintiff moved to amend her complaint to include the Sheriff of DuPage County, arguing that the addition was necessary for her indemnification claim. In response, the County stipulated that it would indemnify the defendant sheriff's deputies. *See* Doc. 26. Accordingly, I concluded that the indemnification claim was moot. However, after I gave plaintiff leave to amend her complaint to include additional defendants, *see* Doc. 42, plaintiff again repleaded the indemnification claim. She contended that the claim was necessary because the County's original stipulation covered only the two deputies named in the original complaint. In response to my request, the County has stated that it will indemnify the additional deputy defendants for any judgment entered against them.

    Nevertheless, plaintiff opposes dismissal of her indemnification claim. The reasons for this appear to be two. First, plaintiff appears to think that, despite its indemnification stipulation, the County remains a necessary party to the litigation. Given that the deputies are sued in their individual capacities, that is incorrect. *See Askew v. Sheriff of Cook County*, 568 F.3d 632, 636 (7th Cir. 2009) (County was necessary party to suit against County Sheriff in his official capacity, because section 9-102 required County to pay judgment entered against County Sheriff in his

## STATEMENT

official capacity; but County was not necessary party in suit against sheriff's deputies in their individual capacities, even if County would ultimately fund any judgment entered against deputies).

Second, plaintiff appears concerned that the County will refuse to comply with its stipulation to indemnify the individual defendants. In particular, plaintiff argues that she should be allowed to assert the indemnification claim "to the extent the stipulations do not solve the issue, and to the extent the COUNTY is arguing it will, notwithstanding the stipulations, nonetheless not be responsible for payment of a judgment or settlement in KNIGHT's favor." Pl.'s Resp. at 2. The basis for these concerns is unclear. Plaintiff does not explain why there is any reason to think that the County's stipulations do not resolve the issue; nor does she point to any place where the County has argued that it will not honor its stipulation to indemnify the individual officers. It is true that the County's stipulation mentions indemnification in the case of judgment and does not explicitly agree to indemnification in the event of settlement. Nevertheless, the stipulation is clearly intended to cover settlement amounts as well. Section 9-102 provides for indemnification in the case both of judgments and of settlements. If settlement were not covered by the stipulation, the County could not coherently argue that Count III were moot. (If the County believes otherwise, it should immediately so inform the court).

In short, given the County's stipulation to the indemnification of the individual deputy defendants for any amounts resulting from a judgment or settlement, plaintiff's indemnification claim is moot. Accordingly, the County's motion to dismiss is granted.